# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No. 2:24-mj-00670 | Date February 9, 2024 |
| Title United States v. Carlos Guzman | |

Present: The Honorable  Stephanie S. Christensen, United States Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Government: | Attorneys Present for Defendant: |
| n/a | n/a |

**Proceedings:**    ORDER OF DETENTION [18 U.S.C. § 3142(i)]

The Court conducted a detention hearing on:

☐    The motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving:

☒    The motion of the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving: a serious risk that the defendant will flee.

☐    The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2-3)].

☐    The Court finds that the defendant ☐ has ☐ has not rebutted the presumption under 18 U.S.C. § 3142(e)(2-3) by sufficient evidence to the contrary.

*   *   *

The Court finds that no condition or combination of conditions will reasonably assure:
    ☒ the appearance of the defendant as required (as proven by a preponderance of the evidence).
    ☒ the safety of any person or the community (as proven by clear and convincing evidence).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | |
|---|---|
| Case No. 2:24-mj-00670 | Date February 9, 2024 |
| Title United States v. Carlos Guzman | |

The Court bases its findings (in addition to any made on the record at the hearing) on the following [18 U.S.C. § 3142(g)]:

- ☒ Nature and circumstances of offense charged
- ☐ Weight of known evidence against defendant
- ☒ Lack of bail resources or financially responsible sureties
- ☐ No stable residence, employment, or community ties
- ☐ Ties to foreign countries
- ☒ Substance abuse
- ☒ Nature of previous criminal convictions
- ☐ Previous failure to appear or violations of probation, parole, or release
- ☐ Already in custody on state or federal offense
- ☐ Refusal to interview with Pretrial Services or verify information
- ☐ Unrebutted presumption [18 U.S.C. § 3142(e)(2-3)]
- ☒ Other: Gang ties

☐ Defendant did not oppose the detention request.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered the evidence presented at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]